IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHESEMORE, *et al.*, | ) CASE NO. 1:11 MC 43 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| ALLIANCE HOLDINGS, INC., *et al.*, | ) |
| Defendants. | ) <u>MEMORANDUM OPINION</u> |
| | ) <u>AND ORDER</u> |

This matter is before the Court on the Motion to Quash Subpoenas Issues to Non-Parties Donald Hughes, Esq., and Carl Draucker, Esq., of Squire, Sanders & Dempsey (US) LLP. (ECF #1). Plaintiffs' filed an Opposition to the Motion to Quash. (ECF #5). The subpoenas in question were issued by Plaintiffs on April 26, 2011 for the depositions of Carl A. Draucker and Donald W. Hughes, in connection with a case currently pending in the United States District Court for the Western District of Wisconsin.

Mr. Hughes and Mr. Draucker are transactional attorneys at the firm of Squire, Sanders & Dempsey. They were among several Squire, Sanders & Dempsey attorneys who acted as transactional counsel for Alliance in connection with the 2007 Trachte Sale and Spin-Off, which

forms the basis for the underlying lawsuit. Squire, Sanders & Dempsey currently represents named defendants Alliance Holdings Inc., and David B. Fenkell, and nominal defendant Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust ("Alliance ESOP") in the underlying lawsuit pending in the Western District of Wisconsin. Mr. Hughes and Mr. Draucker are not listed as counsel of record in the underlying litigation, and are not litigation attorneys. Squire, Sanders & Dempsey has indicated, however, that they have been consulting with the trial team and have had substantial input into the preparation of the litigation strategy and defense.

Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed. R. Civ. Pro. 26(b)(1). Discovery may involve "any person," and there is no exception in the Federal Rules prohibiting taking depositions of attorneys. Fed. R. Civ. Pro. 30(a)(1). There is a judicially created exception made, however, when a party seeks to depose the opposing counsel in an on-going litigation. *See, e.g., Nationwide Mut. Ins. Co. V. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

Courts have held that an attempt to depose opposing trial counsel, or in-house counsel, during a pending litigation is subject to exploitation, and creates an unacceptable risk of disrupting the adversarial system by distracting attorneys from their primary duty of preparing the client's case, putting privileged and otherwise protected information at issue, creating unnecessary delays, and adding unduly to the cost of litigation. *See Shelton v. Am Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

Although Mr. Hughes and Mr. Draucker are not litigation counsel and are not opposing counsel of record in the litigation, their input into the preparation of the litigation strategy and

defense into the preparation of the litigation strategy and defense in the underlying case, could potentially implicate some of the same concerns if they were to be deposed in connection with events or information that arose during the pendency of the litigation. Plaintiffs, however, have clearly agreed in their motion in Opposition to limit their deposition questions in order to obtain non-privileged information known to Mr. Hughes and Mr. Draucker as a result of their relationship as transactional counsel for the Alliance defendants in connection with the 2007 Trachte Sale and Spin-Off transaction. Further, because the Alliance defendants have primary litigation counsel who are not being deposed and will, no doubt, continue to focus exclusively on the best representation of their clients, the risk of distracting counsel or detracting from the quality of client representation is not an issue under these circumstances. Thus, in so far as the depositions are limited to questions that address events and information known or obtained during the design and negotiation of the 2007 transaction, the heightened standards imposed by the *Shelton/Nationwide* cases should not apply.[1]

The Court shall then apply the general standard for a motion to quash. Fed. R. Civ. Pro. 45(c)(3), states that a court must quash or modify a subpoena that:

    (I)    fails to allow a reasonable time to comply;
    (ii)   requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts

---

[1] Even if the heightened standard applied, Plaintiffs may be able to satisfy the requirements imposed by those cases. The information sought is clearly relevant and this Court is hesitant to impose its own judgment of what may be crucial vs. merely relevant in a case that is not before it. Further, to hold that the information is duplicative or otherwise available because one or more of the Defendants have testified on the issue and some documents have been produced, would be to force the Plaintiffs to take the Defendants' word as truth without the opportunity to talk with other witnesses, and to accept without evidence that every relevant bit of evidence was contained in the disclosed documents.

>   business . . .
> (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv)  subjects a person to undue burden.

There are no allegations that the subpoena required compliance within an unreasonable time, or that they would require extensive travel by a third-party to the litigation. Further, there has been no showing that the requested depositions would subject Mr. Hughes or Mr. Draucker to any undue burden. Therefore, only the issue of privilege remains.

While it is possible, anytime an attorney is deposed, that questions may be posed that would implicate the attorney-client privilege or work product doctrine, this cannot be the basis to quash a subpoena that would also encompass relevant, non-privileged information. Plaintiffs have agreed to limit their questions to issues surrounding the 2007 transaction and not to ask about work product information or other information shared between attorneys relating to the current litigation. The parties to this issue are also fully capable of distinguishing between questions that would require disclosure of attorney-client privileged information, and information that has been disclosed to third-parties or is otherwise not privileged. To the extent that any question seeks to impermissibly encroach upon a protected area, an objection may be made at deposition to preserve the privilege. The depositions may or may not yield new information, but this is the case anytime multiple witnesses to the same event are deposed. The purpose of discovery is to allow the parties to ask questions of any potential witnesses to ensure that it has all relevant information, as long as the requests are reasonable. The request in this case in not unreasonably cumulative or duplicative.

The Court, therefore, finds that Mr. Hughes and Mr. Draucker may be deposed with

regard to their knowledge of non-privileged information gained through their involvement in the negotiations and design of the 2007 Trachte Sale and Spin-Off. The motion to quash is denied; this case is dismissed.

    IT IS SO ORDERED.

_____
Donald C. Nugent
United Stated District Judge

Date: September 23, 2011